# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL,<br><br>            Petitioner,<br><br>      v.<br><br>I.D. CLAY, Warden,<br><br>            Respondents. | 1:09-cv-01809 AWI MJS HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raises claims challenging a November 21, 2008 disciplinary hearing in which Petitioner lost 150 days of credits. (Court Doc. 1, p. 1.)

**DISCUSSION**

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

1   exhaustion doctrine is based on comity to the state court and gives the state court the initial

2   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

3   U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

4   1163 (9th Cir. 1988).

5           A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

6   full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

7   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

8   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

9   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

10  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

11  U.S. 1, 9 (1992) (factual basis).

12          Additionally, the petitioner must have specifically told the state court that he was raising a

13  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

14  (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

15  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

16  Supreme Court reiterated the rule as follows:

17          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
        of state remedies requires that petitioners "fairly present" federal claims to the
18      state courts in order to give the State the "'opportunity to pass upon and correct'
        alleged violations of the prisoners' federal rights" (some internal quotation marks
19      omitted). If state courts are to be given the opportunity to correct alleged violations
        of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
20      are asserting claims under the United States Constitution. If a habeas petitioner
        wishes to claim that an evidentiary ruling at a state court trial denied him the due
21      process of law guaranteed by the Fourteenth Amendment, he must say so, not only
        in federal court, but in state court.
22
    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
23
            Our rule is that a state prisoner has not "fairly presented" (and thus
24      exhausted) his federal claims in state court *unless he specifically indicated to*
        *that court that those claims were based on federal law.* See Shumway v. Payne,
25      223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
        Duncan, this court has held that the *petitioner must make the federal basis of the*
26      *claim explicit either by citing federal law or the decisions of federal courts, even*
        *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
27      (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
        underlying claim would be decided under state law on the same considerations
28      that would control resolution of the claim on federal grounds. Hiivala v. Wood,

195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

      In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

     From review of the instant petition for writ of habeas corpus, it does not appears that Petitioner has presented his claims to the California Supreme Court.   If Petitioner has not presented his claims to the California Supreme Court, this Court cannot proceed to address the merits of those claims. 28 U.S.C. § 2254(b)(1). If Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court, he must so advise the Court and, if possible, provide a copy of the petition filed in the California Supreme Court and a copy of any ruling thereon by the California Supreme Court.

**ORDER**

     Accordingly, Petitioner is ORDERED TO SHOW CAUSE why his petition should not be dismissed for failure to exhaust state remedies,  and he is ORDERED further to inform this Court  as to what if any claims have been presented to and addressed by the California Supreme Court .

     Petitioner is forewarned that **failure to comply with this order within thirty (30) days** of the date of its service upon him **will result in dismissal of his petition** pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   May 27, 2010**      /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE