UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT McDANIEL, | ) | 1:09-cv-01809 AWI MJS HC |
| Petitioner, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| I.D. CLAY, Warden, | ) ) | (Doc. 28) |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Christopher J. Rench, Esq., of the Office of the Attorney General for the State of California.

**I.    INTRODUCTION**

Petitioner is a former state prisoner, presently on parole, proceeding without counsel and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary decision and claims violations of his Constitutional and due process rights. (Pet., ECF No. 1.)

On June 19, 2008, Petitioner was issued a rules violation report for battery on a peace officer. (Pet. at 38.) On November 21, 2008, a prison disciplinary hearing was conducted and

Petitioner was found guilty of the rules violation and assessed a loss of 150 days of good-time credits. (Pet. at 1.)

Petitioner presents three grounds for the granting of habeas relief: (1) the sentence imposed was greater than permitted by California Law and thereby violated Petitioner's federal rights under the First, Sixth, Eighth, and Fourteenth amendments; (2) he was denied a state created liberty interest in a disciplinary hearing; and (3) he was denied access to all defense witnesses and evidence. Petitioner seeks dismissal and expungement of his prison disciplinary conviction and restoration of the 150 days loss of good-time credits. (Pet.)

On December 2, 2010, Respondent filed a Motion to Dismiss the federal petition. (Mot. to Dismiss, ECF No. 28.) Respondent asserts that Petitioner's release rendered his claims moot. Petitioner filed an Opposition to the motion on January 13, 2011. (Opp'n, ECF No. 33.) Respondent filed a Reply to the Opposition on January 19, 2011. (Reply, ECF No. 34.)

**II.     ANALYSIS**

As indicated above, Petitioner filed his Petition for a Writ of Habeas Corpus after he was released on parole. Accordingly, the Court must determine whether this action is moot.

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'" Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). A federal habeas petition challenging an underlying criminal conviction is never rendered moot by the petitioner's release from custody so long as there are collateral consequences that flow from the criminal conviction. Wilson, 319 F.3d at 479 (citation omitted). However, "the presumption of collateral consequences does not apply to prison disciplinary proceedings." Wilson, 319 F.3d at 480. In Wilson, the federal habeas petition was filed after the disciplinary action had been either withdrawn or completed. Id., 319 F.3d at 479. The Ninth Circuit concluded that the petitioner had failed to allege any collateral consequences stemming from his prison disciplinary conviction sufficient to meet the case-or-controversy requirement. Id., 319 F.3d at 481-82.

Similarly, here, Petitioner filed his federal habeas petition after his release from custody. See also Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (holding that a habeas

1 challenge to a loss of good time credits is rendered moot by one's release from custody where
2 the discipline had no collateral consequences that followed release); Garrett v. Marshall, 2009
3 U.S. Dist. LEXIS 97823, 2009 WL 3417786, *2 (C.D. Cal. Oct. 20, 2009) (habeas application
4 challenging prison disciplinary conviction and loss of good time rendered moot by petitioner's
5 release on parole); Tsehai v. Schwartz, 2007 U.S. Dist. LEXIS 26511, 2007 WL 1087058, at
6 *1 (E.D. Cal. Apr. 10, 2007) (federal habeas petition challenging a prison disciplinary
7 conviction and forfeiture of time credits rendered moot by petitioner's release on parole).

8 It is speculative to assume that Petitioner would have been released from prison earlier
9 on parole had it not been for the challenged prison disciplinary conviction. As the Ninth Circuit
10 reasoned in Wilson, "the decision to grant parole is discretionary" and "'the importance
11 attached to any circumstance . . . is left to the judgment of the [parole] panel.'" Wilson, 319
12 F.3d at 482 (citing Cal. Code of Regs. tit. 15, § 2402(c)). Therefore, "the likelihood of delayed
13 or denied parole is a type of nonstatutory consequence dependent on discretionary decisions
14 that is insufficient to apply the presumption of collateral consequences." Id. at 481; Norman
15 v. Salazar, 2010 U.S. Dist. LEXIS 52280, 2010 WL 2197541, at *2 (C.D. Cal. Jan. 26, 2010)
16 ("Although a disciplinary conviction may not help an inmate who is seeking release on parole,
17 it is only one of a 'myriad of considerations' relevant to a parole decision and does not
18 inevitably affect the length of the prisoner's sentence); Gayles v. Sisto, 2010 U.S. Dist. LEXIS
19 2748, 2010 WL 231382, at *2 (E.D. Cal. Jan. 13, 2010) ("[T]he potential use of the 115 in
20 future parole proceedings is too speculative to be considered a collateral consequence . . . .");
21 James v. Castellaws, 2008 U.S. Dist. LEXIS 66306, 2008 WL 4058477, at *1 (N.D. Cal. Aug.
22 28, 2008) (habeas action challenging disciplinary action and loss of good time credit was moot
23 because the punishment imposed had expired and allegations that the rules violation finding
24 may result in a delay or denial of parole were too speculative to constitute sufficient proof of
25 collateral consequences).

26 In his opposition, Petitioner argues that the present action is not moot and that collateral
27 consequences remain as he must obtain a favorable determination in this matter so that his
28 civil rights actions based on this incident will not be barred by Heck v. Humphrey, 512 U.S. 477

(1994). Under Heck, a claim that "necessarily implie[s] the invalidity of [a] conviction or sentence [may] not be maintained under § 1983 unless the prisoner proved 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus.'" Nonnette, 316 F.3d at 875 (quoting Heck, 512 U.S. at 486-87). In Spencer v. Kemna, five members of the Supreme Court reasoned that "a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." 523 U.S. 1, 21, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (Souter, J., concurring); id. at 25 n.8 (Stevens, J., dissenting) ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear . . . that he may bring an action under 42 U.S.C. § 1983."). While the courts of appeal are split as to the significance of this reasoning in Spencer, see Wilson v. Johnson, 535 F.3d 262, 267 & nn. 6, 7 (4th Cir. 2008), the rule in the Ninth Circuit is clear. See Nonnette, 316 F.3d at 877. Specifically, a plaintiff challenging the validity of a conviction or sentence may bring a § 1983 claim despite the Heck bar so long as (1) habeas relief is unavailable and (2) plaintiff timely pursued appropriate relief. Id. at 877 & n.6; see also Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006); Greene v. Bd. of Prison Terms, 2011 U.S. Dist. LEXIS 41775, *2-4 (E.D. Cal. Apr. 18, 2011).

   Here, according to his complaint, Petitioner is no longer in custody for this violation. Further, as Petitioner brought the present action to challenge the violation and relief is now unavailable as the claim is moot, under Nonnette, he may continue to bring a § 1983 claim challenging the parole revocation decision. His claim does not fall within the Heck bar. Petitioner has not shown that collateral consequences result from the disciplinary proceeding. As such, Petitioner's claim is moot and the Court recommends the petition be dismissed.

**III.** **CONCLUSION**

   Because Petitioner has been released on parole, this Court cannot grant any meaningful relief to Petitioner. Therefore, this Court recommends the action be dismissed as

moot.

**IV.    RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 24, 2011                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE